Good morning. My name is Tim Ryan, and I represent the appellants in this appeal, Morgantown Machine & Hydraulics and Swanson Industries. The gravamen of this appeal is the improper expansion of an Ohio District Court venue related findings, which findings were expressly limited by that court to a motion to unfortunately adopted by Judge Hamilton below and applied to the merits of Morgantown's claims in the context of the defendants' Rule 12b6 motion. After the filing of Morgantown Machine's complaint, the defendant, American Piping, moved the Ohio court to transfer venue under 1404 or 12b3. The defendants were a little bit unclear on exactly the basis upon which they were moving it. I don't think it matters terribly, while simultaneously moving to dismiss the case. The Ohio court accepted, and I guess this is the key part of this, Your Honor, the Ohio court accepted and considered outside materials, including competing declarations submitted by the parties, while again expressly recognizing they could only do so for the limited purpose of adjudicating the venue motion, the motion to transfer, and the Ohio court granted that motion, again while carefully limiting its decision to the venue matter. The case was then, of course, transferred to Judge Hamilton, the Eastern District of Missouri, and American Piping filed, at this time, a motion to dismiss under 12b6 for failure to state a claim, contending that the venue matter. Unfortunately, Judge Hamilton, below, adopted, in a wholesale fashion, the venue-related findings of the Ohio court, which were based on facts outside the pleadings, and then improperly applied those findings to the merits of this case, without ever affording Morgantown Machine in Swanson any discovery on key to take up this morning, but what is particularly problematic in these rulings is Judge Hamilton's acceptance of the Ohio court's venue-related findings in the adoption of a conclusion that American Piping's August 11, 2011 price quote constituted an offer which was then accepted by Morgantown Machine, and a lot of the improper adoption by Judge Hamilton. With the court's permission, I would like to briefly address the jurisdictional issue raised by American Piping. Morgantown Machine are here appealing the lower court's merits determination on APP's, on American Piping's motion to dismiss under 12b6. The Ohio court's strictly and expressly limited to the venue issue. Morgantown... When you say it was expressly limited to the venue issue, didn't it also, though, in so holding, have to conclude that the entire terms and conditions were part, were collectively a part of this? Well, for the limited purpose of making a venue determination, the court did, the Ohio court concluded, based on that extraneous evidence, that evidence outside the pleadings, that those terms and conditions applied. But again, it was for that limited purpose, and under the law, if she correctly, Judge Loy correctly cites it in her February 23 opinion, she's allowed to consider matters outside the pleadings, make credibility or at least factual determinations on a transfer, motion to dismiss. What you're not allowed to do, though, is what Judge Hamilton unfortunately did here, is then take those findings, based on that factual predicate, and apply them to a 12b6, which never gave us the chance, in effect calling it a Rule 56, without ever converting it, without ever affording Morgantown Machine any discovery on those... Counselor, you're aware of how broad 12b6 materials are in federal court? I am, Your Honor. And it can be anything, reference the pleadings, etc., etc., etc. And most of the stuff Judge Hamilton relies on, were they attached to your pleadings? No, Your Honor. Judge Hamilton, what Judge Hamilton relies mostly on, Your Honor, is Judge Loy's opinion. Yeah, yeah, yeah, but let's go beyond the... I heard you on that. Fair enough. So let's get back then to Judge Loy's opinion, if we may. Her opinion, Your Honor, is predicated almost entirely upon the competing declarations of Mr. Hoffman, on behalf of American Piping, and Mr. Gilmour, on behalf of Morgantown Machine. There is any number of key factual determinations relating to contract formation, what constitutes an offer, what constituted the acceptance, what was on their website in 2011. That hasn't even been aired by the parties yet. Those decisions are all wrapped up and embedded in Judge Loy's decision, which were in no way attached to, part of, or fairly considered part of Morgantown Machine's complaint. What about the price quote and the purchase order? How did they get into the record? I'm sorry? How did the price quote and the purchase order get into the record? The price quote and the purchase order constituted the offer by... How did they get into the record? My apologies, Your Honor. They were attached to the complaint. All right. So was it proper then to rely on those in ruling on a 12B6 since they were attached to the complaint? Yes, Your Honor. All right. So why isn't... I thought Judge Hamilton did rely on them, and therefore, it would be helpful for you to address why those aren't sufficient to sustain the ruling. Well, if that's the case, Your Honor, the terms and conditions, by definition, can't, almost as a matter of law, be here applicable. And our case would not have been dismissed, because the August 15th price... Excuse me, the purchase order of August the 15th, and then the acceptance or order confirmation by American Piping of August the 29th, none of those documents would indicate that the terms and conditions of American Piping are... That the contract is subject to the terms and conditions of American Piping. That's the key fact here, Your Honor. The contract formation documents... But I don't get it. If you look right in the cover of the APP Quote 132442, it says terms and conditions in the lower left hand corner. I'm sorry, Your Honor? If you look at the APP Quote, and it has a number at the top, 132442, the first document, the lower left hand corner says it's all terms are subject to standard terms and conditions in the lower left hand corner. Appendix 134. Right. The document does not say that the agreement is subject to those terms and conditions. Merely referring... It says subject to... I'm sorry, Your Honor, I'm not... The quotations in all sales are subject to our standard terms and conditions. May I ask what document you're looking at, Your Honor? Appendix 134. Thank you, Your Honor. This is the crux of the problem, Your Honor. This is the document that wasn't attached to our complaint. Well, I just asked you how did the price quote and the purchase order get into the record, and you said they were attached to the complaint. Your Honor, I apologize. I misheard you. The price quote was not attached to the complaint. Be definitive on that. My apologies. The purchase order was attached to the complaint, and the August 29th order confirmation were attached to the complaint. My apologies, Your Honor. I misheard the question. The August 11 document was not attached to the complaint and comes in through Mr. Hoffman's declaration. So... Well, why can't we treat it as converted to a summary judgment motion if it's undisputed that these are the correct documents? They're not the correct documents, very hotly disputed, and frankly... No, no, I mean that they're authentic documents and that if it's a legal question, then whether a contract was created. Well, there's a couple of issues there, Your Honor, if I may. It's not a legal question as to whether something constituted an offer. That's a factual question. That is clearly a factual issue, whether or not that August 11th document constituted an offer. And Your Honor... No, I'm saying even take your view that the purchase order was the offer. Yes, Your Honor. It says per quote... It's a legal question whether that mean... Isn't it a legal question whether that means that the... Well, the per quote, if I may address that, Your Honor, if you look at the top of that... The price quote is incorporated into the... Sure, and that's an argument that they're making. Yeah. Two quick comments. The specifications for this part were two pages long. If you look at the top of that column where you see that per quote, it says, parts, size, description. That per quote incorporates solely the size and technical specifications of the part. There's no case that ever been decided that we're aware of, Your Honor, and we looked hard where there's a double layer of incorporation, where it would incorporate a quote which would then incorporate terms and conditions. And in order for that to reflect the intent of the parties, Your Honor, would require a lot of discovery. That would be a heavy lift. That quote was never intended as Mr. Gilmour's declaration establishes. That price quote was never intended to incorporate any additional terms and conditions other than the product specifications. But now, the confirmation you say was attached to the complaint for sure, right? The August 12 confirmation. It's my recollection, Your Honor, yes. Okay. And of course, it says terms and conditions too. Please review it for accuracy. Terms and conditions can be viewed at... And it has the same numbers from before that we've been talking about referenced. Well, in a sense, Your Honor, the numbers now change, by the way, to a sale number, not a quote number. That's very significant here. The numbers actually change. They're now being keyed off the offer, which is Morgantown's purchase order of August the 15th. The number switches to that. Secondly, and more importantly, at no point do these August 29 documents say that the agreement of the parties is subject to the terms and conditions of American piping. That language drops out. And this whole discussion is really raising the problem here, that the decision by Judge Hamilton was premature, and discovery should have been permitted. If in fact, the facts are as we contend, we will prove them. If as American piping contends, they will prove them. In fact, the vast majority of the cases cited by American piping are on... After a trial, like one beacon and acres, or six or eight of them are on summary judgment. These are not the type of issues resolving factual and credibility determinations that are resolvable on a 12b6. If I may... Yeah, so frankly, I've got to tell you this very quickly, Frank Lab's misled by your statement of issues, because I don't see the classic, this should have been a summary judgment arguments. But go ahead and save your time for the problem. Thank you, Your Honor. May it please the court. Richard Lagason for the affilee at the time. I think that the arguments in the briefs and here at the lectern overlook the real issue in this case, which is, what was the ruling of the transfer order? What was the ruling of Judge Leoy when she heard the motion to dismiss and transferred the case based on the applicability and enforcement of the Forum Selection Clause? And more importantly, how did the appellants see that issue? I would direct the court's attention to page 100 of the appendix, where in their opposition to the motion to dismiss or transfer in the Northern District of Ohio, appellant stated, the aim of APP's motion extends beyond the validity of a Forum Selection Clause. Enforcement of that clause is possible only if the separate web based document in which the Forum Selection Clause is set forth is deemed incorporated by reference into the party's agreement. That's how the appellants understood the gravamen of the motion that was filed by my client. Judge Leoy stated the issue as follows when she was determining that motion. She said, in her opinion, of February 23rd, 2016... What page are you on? This is at the addendum, page three. Yeah, but what page is it of her order? It's page three, Your Honor. Page three, go ahead. Judge Leoy said, before the court can decide whether to dismiss or to transfer, APP's standard terms and conditions of sale, which include the Forum Selection Clause, are part of the contract between APP and MMHOH, and second, whether the Forum Selection Clause, if applicable, is valid and enforceable. After reviewing the facts of record submitted by the sworn declarations, Judge Leoy states, again at page six of the addendum and in appendix 179, the question in light of these facts that are largely undisputed is whether APP's standard terms and conditions of sale are part of the party's agreement and, in particular, whether the Forum Selection Clause therein applies and requires transfer to Missouri. After reviewing the arguments and the record, Judge Leoy concludes, page 11 of the addendum, the appendix at page 184, the court concludes that the standard terms and conditions of sale are part of the party's contract. So when is that appealable? That was appealable in the Northern District of Ohio, either by mandamus or, as the appellants attempted to do, by certification of issues for interlocutory appeal. The appellants filed a motion for reconsideration of that order. And here's how they interpreted that order. So it really wasn't appealable, is what you're saying? Well, it wasn't appealable at that point in time. So why can't it be appealed now, then? It cannot be appealed now because this court lacks jurisdiction. No, no, not the transfer part, but why can't the conclusion that the whole terms and conditions were incorporated and, therefore, you went on the merits, why can't that be appealed now? Because that would constitute a review by this court of a decision by a district court in Ohio. But wait, her bottom line is, defendant's motion to dismiss is denied, right? I'm sorry, Your Honor. The judge, Judge Leoy, says on page 12, page 12 of the addendum, defendant's motion to dismiss is denied without prejudice. That's right. That was the motion to dismiss the complaint for failure to state a claim. Yeah, but all she acts on is the motion to transfer a venue. So there was no ruling on the motion to dismiss in Ohio, right? Well, respectfully, I think she did rule that it was dismissed. No, it says motion to dismiss is denied. Without prejudice. Yeah, without prejudice. Yeah. It means you can bring it up here, and that's what we review. And we interpret that as she found it unnecessary to rule it, since she was transferring it, she was going to allow Judge Hamilton. Right. And that's what we can review. Where's their jurisdictional problem? The jurisdictional problem becomes in the application of Judge Leoy's transfer order, which was the law of the case, and was simply applied and followed by Judge Hamilton. And here's how the appellants interpreted that transfer order when they filed their motion for reconsideration in the Northern District of Ohio. The transfer order has the potential to eliminate in whole or in part plaintiff's claims. So they interpreted the transfer order as incorporating all of the standard terms and conditions of sale, including the forum selection clause, and including all of the other clauses included in those standard terms and conditions. Well, the problem is, you're saying an unappealable transfer order can decide the merits of the case for all time and it can never be appealed. That's a... It can be, Your Honor. It can be appealed to this court upon motion to retransfer. The cases are clear that that is the procedure appellants could have followed had they desired this court's review of the transfer order. Well, what if they're willing to acquiesce in the transfer, they just wanna argue the merits? Well, but that's not what they did. They did not acquiesce in the transfer order. When it was before Judge Hamilton, they vigorously contested that it did include all of the terms and conditions. They argued against the positions they took in the Northern District of Ohio. They argued in front of Judge Hamilton that the only issue decided by Judge Loy was the incorporation of the forum selection clause. How could that be? The contract formation documents did not say this quotation and all sales arising from it are subject to the forum selection clause. The quotation in the contract formation document said, this quotation and all sales resulting from it are subject to terms and conditions of sale, which are available upon your request. That was not attached to the complaint, right? It was incorporated, Your Honor. No, let's go slowly. It wasn't attached. You know what attached means. The appellants did not attach that to the complaint. Okay, let's go slowly. So it wasn't attached. How do you say it got before anybody? Well, it was placed before the court in the declaration in Ohio, in Ohio. Okay, good. That resulted in the ruling by Judge Loy that the standard terms and conditions of sale were incorporated and a part of the contract. Judge Hamilton found that the order, the transfer order did incorporate all standard terms and conditions of sale, including those that excluded and disclaimed the implied warranties. And there was no, nothing left for Judge Hamilton to do except to look at those implied terms and conditions and see if they complied with Missouri law and if they validly excluded and resulted in the defenses to the implied warranty claims. There was nothing to do by Judge Hamilton except to look at and apply the law of the case, Judge Loy's ruling. Alright, well, I understand that. If we don't agree with that, then you think the case should be remanded? No, Your Honor. I think that this court lacks jurisdiction to do anything. Right, but if we don't agree with that, then the case should go back for the district court to address the merits of the... Well, I don't know how it could if this court cannot review the transfer order that was applied by Judge Hamilton. And the courts say that clearly. Counsel, the strongest words you've used are law of the case. Law of the case can be changed while the case is still going on. Well, the cases on transfer strongly discourage that, Your Honor, because of comedy and because there is a remedy, which the appellants did not pursue. The remedy is to apply for a motion to retransfer. The transfer order is reviewable by this court had appellants filed a motion to retransfer before Judge Hamilton, and she denied that. So they are not without a remedy. They admitted in their pleadings before Judge Hamilton that they had considered the motion to retransfer and decided not to do it. So they sought review of the transfer order in Ohio with a motion to reconsider and an application to certify interlocutory appeal. They had another option in that circuit, which was to file mandamus. Judge Leoy stayed the execution of her transfer order to allow them to I don't want the court to be left with the feeling that appellants were without some remedy. They pursued the remedy of reconsideration and certification for interlocutory appeal. They did not pursue the remedy of mandamus. They did not pursue the remedy here in the Eastern District of Missouri of moving to retransfer the case. That is why this court lacks jurisdiction. 28 U.S.C. 1294, except for certain interlocutory orders and matters affecting the federal circuit. Appeals from reviewable decisions of the district courts shall be taken to the courts of appeal as follows. From a district court of the United States to the court of appeals for the circuit embracing the district. I cite the cases from those in our brief. Pony Computer versus Equus Computer Systems in Missouri 162 Fed Third 991, a decision of this court in 1998. The Eighth Circuit lacks jurisdiction to review transfer order issued by the Northern District of Ohio, citing 28 U.S.C. 1294. Another case, TEC Floor Court versus Wal-Mart Stores for Federal Third 599, 1993 decision. The Eighth Circuit lacks jurisdiction to review a transfer order from a district court sitting outside this circuit, citing again. What if we just say we're reviewing Judge Hamilton? Yeah, I gather you don't have an argument on the merits. You're all on jurisdiction. So if we disagree with you on that, then it sounds like we are. Did Judge Hamilton correctly apply the ruling of Judge Leoi that APP standard terms and conditions of sale were a part of the contract? Those standard terms and conditions of sale were identified in the declarations, and they included the implied warranty and disclaimer clauses that Judge Hamilton enforced. The appellants argue that the transfer order only incorporated the forum selection clause. It's true that Judge Leoi enforced and found valid the forum selection clause. That was the only issue before her. She left it to the transferee court to determine the validity and enforceability of other clauses. In those standard terms and conditions. And finally, I'd like to comment on the many statements from this podium by the appellants and in their briefs. There is nothing to interpret in this contract case other than the objective intentions of the parties as determined by the words they used in their contract. What about the visit our website? What's that mean? Well, it's an invitation to visit the website, which is... How do we know it even exists? Because the appellants initiated these negotiations, Your Honor, by visiting the website. No, no, wait. How do we know that? Because it's in the record. No, wait, wait. And it's a sworn declaration. Go slowly, go slowly. This motion just missed. Was it in their complaint that they found out about this by visiting the website? I don't recall that. I recall that it was in a declaration by their agent. And so how's it before us? This is a motion to dismiss, right? Judge Hamilton granted a motion to dismiss. Right. And that's what they didn't do in Ohio. Right. So how's that even before us, that they visited the website to start the whole game here? Well, it was certainly a part of the record that was before Judge Hamilton to the declarations of the parties. And this declaration was from appellants. So this was really a summary judgment, right? That's one way to look at it. And the declaration by the appellant was that the appellant, MMHOH, initiated this whole series of negotiations, which occurred over the course of several months between sophisticated commercial entities. And the appellants had initiated it by going to APP's website to request a quote. Thereafter, they submitted several quotations, exchanged numerous documents and information. And as a result, the record before you is complete as to what Judge Leoy's ruling was. So we respectfully request that this court dismiss the appeal for lack of jurisdiction in the alternative affirm. Thank you. Would you care to make a rebuttal? I would. May I? You may. I will use a couple of my precious seconds to offer an apology to Judge Benton in that I misspoke. That the August 15th offer, the purchase order, is in fact, the August 29th is not. The second point that I would like to raise... When you say the August 29th, which appendix page are you referring to? So just to be clear, in the addendum, because that's probably easier for me, 31 through 45 are the August 29th confirmation or acceptance of the offer made by Morgantown in its August 15th purchase order. Your honor, may I proceed? Are we okay? I didn't know if you had any further questions on that, because I misspoke. I feel horrible over that, your honor. Go ahead. Thank you. Counsel proceeds as if we were... Morgantown was moving to somehow appeal the transfer order. The transfer order is final. It is not being appealed. It is not the subject. We did more than acquiesce in it. We accepted it. Judge Hamilton had the case. We were pleased to proceed before her. We evaluated whether to seek a retransfer. We looked at the law, which is horrible on the issue. And frankly, it's one of those motions that you file hoping not to win, because you could get stuck in a jurisdictional ping pong match if she pushed us back over here. And we decided, rather than go through that... My instincts are, when you file a motion you don't wanna win, it should be telling you something, that we would acquiesce in that and proceed on the merits. Judge Liyue was very careful, your honor, in limiting her opinion to the transfer... The venue issue did not in any way indicate that she was looking at the merits of the case. In fact, the exact opposite is true. Five or six times in virtually every one of her opinions, she cautioned that it went no further than venue. The merits of the case should be disputed and litigated in the court to which it was being transferred. I'm out of time, your honor. Very well. Thank you for your argument. The case is submitted and the court will file an opinion in due course. Thank you.